UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LITTLE SIX, INC., d/b/a MYSTIC LAKE CASINO HOTEL,<br><br>Plaintiff,<br><br>v.<br><br>SLAVIK VINER and EUGENE VINER, both d/b/a V ENTERTAINMENT, and WWW.MYSTICLAKECASINO.COM, DOMAIN NAME,<br><br>Defendants. | Court File No. 00-CV-102 DWF/AJB<br><br>**STIPULATED PERMANENT INJUNCTION AND ORDER** |

WHEREAS, On January 14, 2000, Plaintiff commenced a civil action captioned LITTLE SIX, INC., D/B/A MYSTIC LAKE CASINO HOTEL V. SLAVIK VINER AND EUGENE VINER, BOTH D/B/A V ENTERTAINMENT, AND WWW.MYSTICLAKECASINO.COM, DOMAIN NAME, Case No. 00-CV-102 DWF/AJB ("the Action"), against Defendants, alleging various claims relating to Plaintiff's service mark MYSTIC LAKE CASINO, and other marks within its MYSTIC Family of Marks;

WHEREAS, On January 14, 2000, Defendant Slavik Viner was personally served with the Summons and Complaint in the Action, and on January 17, 2000, Defendant Eugene Viner was personally served with the Summons and Complaint in the Action;

FILED SEP 25 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

WHEREAS, On January 26, 2000, Plaintiff served on Defendants' counsel Plaintiff's Notice of Motion and Motion for Preliminary Injunction, and related supporting papers;

WHEREAS, the Court entered its Stipulated Preliminary Injunction and Order against Defendants on February 18, 2000;

WHEREAS, Defendants filed their Answer to the Complaint on February 24, 2000;

WHEREAS, the parties now wish to resolve all disputes and claims currently between them pursuant to a separate Settlement Agreement and moot the need for a trial in the Action, by stipulating to the permanent injunctive relief sought by Plaintiff, and the parties request that the Court promptly enter this Stipulated Injunction and Order in order to resolve the Action;

IT IS, ACCORDINGLY, ORDERED, ADJUDGED, and DECREED THAT:

1. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and U.S.C. § 1331, 1338 and 1367. This Court has personal jurisdiction over Defendants and venue is proper in this District under 28 U.S.C. § 1391.

2. Plaintiff is the exclusive owner of the following federal registrations, including the common law rights in the marks depicted therein: U.S. Reg. Nos. 2,054,772, 1,783,495, 1,787,487, 1,794,274, 1,805,367, 1,882,743, 1,882,744, 2,008,797, 2,008,798, 2,111,108, 2,126,487, 2,198, 972 and 2,244,939, copies of which are attached hereto as Exhibit A ("Plaintiff's Registered Marks").

3. Defendants Slavik Viner and Eugene Viner, both individually and doing business as v entertainment, and their agents, servants, partners, employees, licensees,

and attorneys, and all others in active concert or participation with them, shall be permanently enjoined and restrained from:

a. Using, registering, attempting to register, reserving, maintaining, transferring, or trafficking in the designation, mark, and/or domain name mysticlakecasino.com, any misspelling thereof, any colorable variation thereof, and any confusingly similar designation or domain name;

b. Registering, attempting to register, reserving, using, maintaining, transferring, or trafficking in, any designation, mark, and/or domain name that includes any of the following designations: "mystic," "mystic lake," "mystic lake casino," "mystic lake casino hotel," "club mystic," "mystic bingo," or any misspellings of those designations, any colorable variations of those designations, or any confusingly similar designations;

c. Using, attempting to register, registering, reserving, transferring, trafficking in, or maintaining as a trademark, service mark, trade name, Internet domain name, telephone number, address, or otherwise, any of Plaintiff's trademarks, service marks, trade names, Internet domain names, telephone numbers, addresses, or other proprietary designations;

d. Using, attempting to register, registering, reserving, transferring, trafficking in, or maintaining as a trademark, service mark, trade name, Internet domain name, telephone number, address, or otherwise, any designation confusingly similar to or a colorable variation of any of Plaintiff's trademarks, service marks, trade names, Internet domain names, telephone numbers, addresses, or other proprietary designations;

e. Doing any other act or engaging in any other conduct likely to induce the mistaken belief that defendants, their products, services, commercial activities,

information, Internet Domain or Internet domain names, are in any way affiliated with, sponsored by, connected, or associated with Plaintiff or its goods or services;

4. This Court retains jurisdiction over this Stipulated Permanent Injunction and any applications with regard to enforcement of it shall be directed to this Court.

5. Defendants stipulate to this Permanent Injunction to avoid the further costs of litigation. This Stipulation shall not be treated as an admission of liability, responsibility or wrongdoing on the part of Defendants.

IT IS SO AGREED AND STIPULATED THIS SEVENTH DAY OF JULY:

By: *Stephen R. Baird*
Wayne E. Willenberg (#0234473)
Stephen R. Baird (#214024)
Fish & Richardson P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
(612) 335-5070

By: *[signature]*
Daniel J. Maertens (#188311)
Allison M. Dibley (#257540)
Fredrickson & Byron, P.A.
1100 International Centre
900 Second Avenue South
Minneapolis, MN 55402-3397
(612) 347-7000

By: *Steven F. Olson*
Steven F. Olson (#230856)
BLUEDOG, OLSON & SMALL
Southgate Office Plaza, Suite 500
5001 West 80th Street
Minneapolis, MN 55437
(612) 893-1813

ATTORNEYS FOR PLAINTIFF

By: *[signature]*
Gregory Fishman, Esq.
The Business Lawyers LLP
4000 Geary Boulevard
Second Floor
San Francisco, CA 94118
(415) 421-3004

ATTORNEYS FOR DEFENDANTS

IT IS SO ORDERED:

Dated: *Sept 25*, 2000

*[signature]*
The Honorable Donovan W. Frank